## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50143 | **DATE** | 4/9/2004 |
| **CASE TITLE** | Glover vs. Rockford School District 205, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's Motion to Compel is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | APR 12 2004 | 76 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 4/9/2004 | |
| | | | | date mailed notice | |
| sp | courtroom deputy's initials | | Date/time received in central Clerk's Office | sp | |
| | | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| MELVIN GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 50143 |
| | ) | |
| BOARD OF EDUCATION OF ROCKFORD | ) | Philip G. Reinhard |
| PUBLIC SCHOOLS, DISTRICT 205; | ) | P. Michael Mahoney |
| ALAN S. BROWN, individually and in his | ) | |
| capacity as Superintendent; YOLANDA | ) | |
| SIMMONS, individually and in her capacity | ) | |
| as Principal; GERALD KINSLEY, individually | ) | |
| and in his capacity as Associate Principal; | ) | |
| MARCUS MOWEN, individually and in his | ) | |
| capacity as Assistant Principal; additionally | ) | |
| THE ROCKFORD EDUCATION | ) | |
| ASSOCIATION; ROBERT CORDER, | ) | |
| individually and in his capacity as ROCKFORD | ) | |
| EDUCATION ASSOCIATION | ) | |
| VICE-PRESIDENT, THOMAS MORGAN, | ) | |
| individually and in his capacity as ROCKFORD | ) | |
| EDUCATION ASSOCIATION UNISERV | ) | |
| DIRECTOR; MOLLY PHELAN, individually | ) | |
| and in her capacity as President of the | ) | |
| ROCKFORD EDUCATION ASSOCIATION; | ) | |
| and MICHAEL WILLIAMS, individually and | ) | |
| in his capacity as a board member; MICHAEL | ) | |
| BLISS, JAY NELLIS, NANCY | ) | |
| KALCHBRENNER, STEPHANIE | ) | |
| CALTAGERONE, DAVID STROMMER, and | ) | |
| ROBERT EVANS, each individually and in | ) | |
| their capacity as board members | ) | |
| | ) | |
| Defendants. | ) | |

## Memorandum Opinion and Order

Plaintiff, *pro se*, filed a Motion to Compel Discovery, asking this court to compel Defendants

to answer certain interrogatories and document requests. This court set a briefing schedule for

Plaintiff to more fully detail in writing his requests and allowed Defendants an opportunity to respond. Having received in writing both Plaintiff's requests and Defendants' responses, this court is ready to rule. For the following reasons, Plaintiff's Motion to Compel is granted in part and denied in part.

## **Background**

Plaintiff originally filed suit against Defendants on April 16, 2002. Since his initial filing, Plaintiff has amended his complaint three times. Plaintiff's most recent complaint, filed on June 11, 2003, contains six counts: Count I alleges Plaintiff was discriminated against on the basis of his gender (male) and race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e) et seq; Count II alleges Plaintiff was discriminated against on the basis of his gender and race in violation of 42 U.S.C. § 1983; Count III alleges Plaintiff was discriminated against on the base of his race in violation of 42 U.S.C. § 1981; Count IV alleges Defendants breached the collective bargaining agreement; Count V alleges Defendants violated procedural due process pursuant to the Fourteenth Amendment; and Count VI is unclear.

Fact discovery is now closed. As such, as far as this court is concerned, this opinion serves as the last attempt by either party to obtain outstanding discovery. This court has been more then generous in extending fact discovery four times. The dispositive motion deadline of May 12, 2004 will stand.

Plaintiff's Motion to Compel seeks both answers to interrogatories and production of documents. Turning first to Plaintiff's interrogatory requests, Plaintiff seeks the following, as written in Plaintiff's motion:

1.    Defendant Rockford Public School District 205 ("RPSD") give the documents that

2

Defendant RPSD has supplied to Plaintiff a numbering system to facilitate reference and proof of delivery.

2.  Defendants have refused to include the names in interrogatory request #3 but names are necessary for Plaintiff's discovery and verification.

3.  Defendants refuse to give information more than five years back but Plaintiff's complaints [sic] date back to 10 years and believes discovery is necessary beyond five years. This involves at least interrogatory #3 & 4.

4.  For interrogatory #2 Plaintiff seeks: a.[1] a list of the number of employees employed by the RPSD from 1993 - present and the number of employee [sic] in each racial/ethnic/sexual group.

With regards to production requests, Plaintiff requested the following:

1.  Defendants refuse to supply data requested in 5a-5b, this data is regular-kept [sic] by the RPSD.

2.  The Rockford Education Association ("REA") has not supplied request 3b which is necessary to prove communications since REA defendants deny knowledge and communications of many events.

3.  REA attorney deny the keeping of records such as Grievance reports, discipline, building committee reports, Grievances, etc. in #6.

## Discussion

Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, ... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing that if the non-discovery party does not comply with Rule 26(b), "the discovering party may move for an order ... compelling inspection in accordance with the request ." Fed. R. Civ. P. 37(a)(2)(B).

---

[1] Although Plaintiff's request contained an "a," no "b" was found within the request.

1.  *Numbering System*

As stated above, Plaintiff asks this court to order Defendants to provide a numbering system for all the documents Defendants have produced to Plaintiff. Defendants argue that no rule requires them to sequentially number documents. Additionally, Defendants assert that they have offered to send the documents to a copy service wherein the numbers would be placed upon the documents and recopied for Plaintiff, but this would done at Plaintiff's expense. Plaintiff allegedly refused.

While Plaintiff's request is under the heading of interrogatories, it appears that his request encompasses documents. As such, this court looks to Rule 34 of the Federal Rules of Civil Procedure. While Defendants are correct in asserting that there is no rule, *per se*, requiring them to sequentially number documents, they are incorrect in thinking they can haphazardly produce documents without reference to which request the documents are produced. Rather, Rule 34 requires that a party must organize and label responsive documents to correspond to the categories requested. *See Ferrito v. IKON Office Solutions, Inc.*, 2000 WL 1477188 (D. Kan. 2000)(stating the production of 2,000 pages of documents that were neither Bates stamped nor otherwise organized did not satisfy Rule 34); *Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996)(finding discovery sanctions were warranted where producing party failed to organize and label the 7,000 documents it produced). While this court does not know the amount of documents Defendants have produced to Plaintiff to date, it can only assume that it is voluminous and, as such, only fair for Defendants to organize and label the documents it has produced. If they have not already done so, Defendants are ordered to Bates Stamp all documents produced to Plaintiff and to indicate which documents correspond to the categories requested. This court orders Defendants to comply within 14 days of this order.

2.    *Interrogatory No. 2*

Interrogatory No. 2 seeks:

> Defendant Brown, Simmons, Mowen, and Kinsley list the names, addresses, phone numbers, dates, and race/ethnicity/sex of all teachers and human relations specialist who have been fired, terminated, discharged, placed on remediation, placed on probation, demoted during Simmons', Kinsely's and Mowen's tenures as principals (in any capacity as principal) at Guilford High School.

In Plaintiff's Motion to Compel, Plaintiff seeks a response to Interrogatory #2 for all employees employed by the RPSD from 1993 to the present. Defendants argue that Interrogatory #2 should not be read broadly to incorporate the entire district and for all employees. This court agrees with the district. As written, Plaintiff's Interrogatory #2 seeks only information for Guilford High School and not the entire RPSD. Additionally, because Plaintiff's request contains no time frame, this court establishes a reasonable time frame of five years back from Plaintiff's termination. Therefore, as written, Defendants have fulfilled their obligation under Rule 33.

3.    *Interrogatory No. 3*

Interrogatory No. 3 seeks:

> Defendant RPSD list the names, addresses, phone numbers, dates and race/ethnicity/sex of all teachers and human relations specialist who have been fired, terminated, discharged, placed on remediation, placed on probation, demoted in the RPSD from the 1993 - 1994 school year to the present.

Plaintiff alleges in his motion that Defendants have refused to include the names requested in Interrogatory #3 and that the names are necessary for Plaintiff's discovery and verification. Defendants, on the other hand, argue that they have provided the names of teachers fired or placed on remediation at Guilford High School, but that Plaintiff demands Defendants provide the names

of teachers fired or placed on remediation across the district. This request appears to relate to Plaintiff's 42 U.S.C. § 1981 claim and as such is relevant. Additionally, Plaintiff's request covers only one year. Therefore, because Plaintiff's request relates to one of his claims and the burden on Defendants' to obtain the information is outweighed by the potential benefit to Plaintiff, this court orders Defendants to answer the interrogatory within 14 days of this Order.

4.      *Interrogatory Nos. 3 & 4*

Interrogatory No. 4 states:

> Defendants Simmons, Brown, and RPSD list the names, addresses, phone numbers, dates, and race/ethnicity/sex of all teachers and human relations specialist who have been fired, terminated, discharged, placed on remediation, placed on probation, and demoted during Simmons' tenure as principal at Eisenhower Middle School or as administrator in any position in the RPSD.

Plaintiff alleges Defendants have refused to provide the information for Interrogatory Nos. 3 & 4 more than five years back even though Plaintiff's complaint includes incidents as far back as ten years. Defendants allege they have provided information for Interrogatory Nos. 3 & 4 for five years prior to Plaintiff's termination. Defendants argue that providing information for ten years prior to Plaintiff's termination would entail countless hours of searching through thousands of personnel files. This court agrees with Defendants. Plaintiff has provided no basis for requiring Defendants to go back ten years prior to his termination. This court orders Defendants to provide information for Interrogatory Nos. 3 & 4 dating back five years from Plaintiff's termination.

5. *Request to Produce No 3b*

Request 3b states:

> All documents which relate to, bear upon or provide evidence relating
> to the Plaintiff's employment with the Defendant RPSD and relating
> to the Plaintiff's membership in the Defendant REA union, including,
> but not limited to, any documents evidencing or refuting the
> allegations and amendments in Plaintiff's Complaint and also
> including at least the following documents:

>> b. A copy of all phone calls made by Corder and Morgan
>> to Mr. Glover and a copy of REA or IEA attorneys
>> phone record in December 2001 and January 2002
>> indicating any calls by those attorneys or those
>> attorneys offices to Guilford High School or to
>> Glover's home number.

Plaintiff argues that information pertaining to request 3b is necessary to provide communications since REA denies any knowledge and communication of many events. Unfortunately, REA has not responded to Plaintiff's motion. After reviewing the request, this court orders Defendants to perform a reasonable search and produce those documents under their control that relate to request 3b. This court orders Defendants produce documents relating to request 3b within 14 days of this Order.

6. *Request to Produce Nos. 5a - 5b*

Requests 5a and 5b states:

> All documents which relates to and bears upon Defendants Brown's,
> Simmon's, Kinsley's and Mowen's adminstration of student discipline
> at Guilford High School, including, the following documents:

>> a. The number of disciplinary referrals written by teachers
>> at Guilford High School during the 2000 - 2001 school
>> year and for each teacher at Guilford High School the
>> dates on which they wrote referrals and the number of
>> referrals the Guilford High School teachers wrote.

>> b. The number of disciplinary referrals written by

teachers at Guilford High School during the 2001 - 2002 school year and for each teacher at Guilford High School the dates on which they wrote referrals and the number of referrals the Guilford High School teachers wrote.

Plaintiff argues that the information sought in requests Nos. 5a and 5b is regularly kept. When Defendants filed their brief in response to Plaintiff's motion, they did not know how to obtain the information sought in 5a and 5b. However, on March 31, 2004, in open court, Defendants' counsel represented to this court that they were able to ascertain how to obtain the information sought by Plaintiff in 5a and 5b. As such, based on the representation of Defendants' counsel in open court, this court orders Defendants to produce the information sought in 5a and 5b within 14 days of this order.

7.    *Request to Produce No. 6*

Request No. 6 states:

> Defendants REA, Corder, and Morgan provide all and any documents relating to or reflecting any communications by teachers about discipline, about problems with discipline, asking the REA for assistance in matters of discipline, granting any teacher assistance in any matter of discipline, and mediating or handling any problems of discipline involving conflict between a teacher and the administrators at Guilford High School and at other schools within the RPSD during the 2000 - 2001, 2001 - 2002, and the 2002 - 2003 school years.

As stated above, Defendant REA has failed to respond to Plaintiff's Motion to Compel as it relates to request No. 6. However, in keeping with this court's ruling above, No. 6 is limited only to Guilford High School. Therefore, Defendants are ordered to produce all documents, pertaining only to Guilford High School,  relating to Plaintiff's request No 6.

## Conclusion

For the reasons stated above, Plaintiff's Motion to Compel is granted in part and denied in part.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 4/9/04